IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| David B. Thompson, | Case No. 4:18cv2103 |
| Petitioner, | |
| -vs- | JUDGE PAMELA A. BARKER |
| | Magistrate Judge Carmen Henderson |
| Warden Brandeshawn Harris, | |
| Respondent | MEMORANDUM OPINION AND ORDER |

Currently pending is Petitioner David B. Thompson's Motion for Reconsideration. (Doc. No. 17.) Respondent filed a Brief in Opposition on October 30, 2020, to which Petitioner did not reply. For the following reasons, Petitioner's Motion is DENIED.

**I.  Background**

On September 10, 2018,[1] Thompson filed a *pro se* Petition for Writ of Habeas Corpus in this Court, asserting the following sole ground for relief:

> I.  In reviewing whether or not a criminal conviction is against the manifest weight of the evidence, the reviewing court need not give deference to [the] finding of the trier of fact, thus opposing due process, 14th [Amendment] to the Constitution.
>
> Supporting Facts: The evidence presented is vague, uncertain, conflicting, and fragmentary.

(Doc. No. 1 at p. 6.) Thompson filed a brief in support of his Petition on September 27, 2018. (Doc. No. 4.) Therein, he argued that his conviction was against the manifest weight of the evidence. (*Id.*)

---

[1] Under the mailbox rule, the filing date for a *pro se* petition is the date that a petitioner delivers it to prison authorities. *See Houston v. Lack*, 487 U.S. 266 (1988). While the Petition herein did not arrive at the Court for filing until September 13, 2018, Thompson states that he placed it in the prison mailing system on September 10, 2018. (Doc. No. 1 at 12.) Thus, the Court will consider the Petition as filed on September 10, 2018.

He also referenced sufficiency of the evidence, noting that "[a] claim that a conviction is supported by INSUFFICIENT EVIDENCE states a claim for habeas corpus relief, under the due process clause, set forth in *Jackson v. Virginia*, 443 US 307." (*Id.* at p. 3) (capitals in original).

Respondent filed a Return on April 16, 2019, in which he argued that the Petition should be dismissed because Thompson's manifest weight of the evidence claim was not cognizable on federal habeas review. (Doc. No. 9.) Thompson thereafter filed a Traverse and Application for Default Judgment. (Doc. Nos. 10, 11.)

On April 17, 2020, then-assigned Magistrate Judge George Limbert issued a Report & Recommendation ("R&R") that both the Petition and Application for Default Judgment be denied. (Doc. No. 12.) An Amended R&R was filed later that same day, which contained the same recommendation. (Doc. No. 13.) In particular, the Magistrate Judge recommended that the Petition be denied because Thompson's manifest weight of the evidence claim was not cognizable in federal habeas review. (*Id.*) The Magistrate Judge did not construe the Petition as raising a sufficiency of the evidence claim and, thus, did not consider whether Thompson's felonious assault conviction was supported by sufficient evidence under *Jackson v. Virginia*, 443 U.S. 307 (1997).

On May 7, 2020, Thompson filed a "Motion to Strike Magistrate Judge Report & Recommendation due to Untimeliness pursuant to Local Rule 16.3.1(h)(1)" (Doc. No. 14.) Therein, Thompson argued that the Amended R&R filed by Magistrate Judge Limbert on April 17, 2020 should be stricken as untimely. (*Id.*) He also raised several arguments in support of his assertion that the state trial court erred in his underlying criminal proceedings. (*Id.* at pp. 2-4.) Respondent did not file a response to Thompson's Motion.

On July 29, 2020, the Court denied Thompson's Motion to Strike the Amended Report & Recommendation as untimely. (Doc. No. 15.) However, the Court also stated as follows:

> The Court notes that it will address the substantive arguments raised in Petitioner's Motion regarding his underlying state court conviction and sentence, in connection with its review of the Magistrate Judge's Amended R&R. If Petitioner wishes to file formal "Objections" to the Amended R&R, he must do so by no later than 14 days from the date of this Order; i.e., by no later than August 12, 2020.

*Id.* at p. 2. The record reflects that Thompson did not thereafter file formal "Objections" to the Amended R&R.

On September 30, 2020, this Court issued a Memorandum Opinion & Order in which it declined to accept the Magistrate Judge's R&R. (Doc. No. 16.) In relevant part, the Court held as follows:

> Applying *Nash* [*v. Eberlin*, 258 Fed. Appx. 761 (6th Cir. 2007)] herein, the Court finds that Thompson's *pro se* Petition should be liberally construed as raising a sufficiency of the evidence claim under *Jackson, supra*. While Thompson styled his claim as a manifest weight of the evidence claim, the Court notes that Thompson expressly references sufficiency of the evidence and *Jackson* in his Brief in Support of his Petition. (Doc. No. 4 at p. 3.) Construing Thompson's Petition liberally to include a sufficiency claim is consistent with Circuit precedent and appropriate under the circumstances presented, particularly given the parallels between *Nash* and the instant action.
>
> Accordingly, the Court respectfully declines to accept the Magistrate Judge's recommendation that Thompson's Petition be dismissed at this time. Rather, the Court re-refers this matter to the Magistrate Judge with instructions to consider Thompson's manifest weight of the evidence claim as asserting a sufficiency of the evidence claim under *Jackson, supra*. In so doing, the Court should order Respondent to supplement the state court record with the transcript of Thompson's trial, and order supplemental briefing on this issue by both parties.

(*Id.* at p. 14.) Shortly thereafter, on October 5, 2020, newly-assigned Magistrate Judge Carmen Henderson ordered Respondent to supplement the habeas record with the transcripts from Thompson's underlying state court criminal trial by no later than December 1, 2020. In addition, the

3

Magistrate Judge set a supplemental briefing schedule regarding Thompson's sufficiency of the evidence claim.

On October 30, 2020, Respondent supplemented the habeas record with the transcripts from Thompson's state court trial. (Doc. No. 18.) Pursuant to the Magistrate Judge's briefing Order, Thompson's opening brief in support of his sufficiency of the evidence claim is due within 45 days from the filing of these transcripts; i.e., by no later than December 14, 2020. Respondent's opposition will be due 45 days after the filing of Thompson's opening brief, and Thompson shall have 30 days from that date to file his reply.

Meanwhile, on October 29, 2020, Thompson filed a Motion for Reconsideration, in which he objects to this Court's decision to re-refer this matter to the Magistrate Judge for supplementation of the record and additional briefing. (Doc. No. 17.) Therein, Thompson laments the fact that his Petition has already been pending for more than two years, and that he will now have to wait "another 1-2 more years" for a ruling on his claim, "especially if another wave of Covid-19 hits the prison system, as anticipated by our new teams in Ohio." (*Id.*) Thompson argues that, instead of referring his Petition back to the Magistrate Judge, the undersigned should appoint counsel and conduct an evidentiary hearing. (*Id.* at p. 3.)

Respondent filed a Brief in Opposition on October 30, 2020. (Doc. No. 19.) Therein, Respondent argues that Thompson is not entitled to an evidentiary hearing because the state appellate court considered his manifest weight of the evidence claim (and, by extension, his sufficiency of the evidence) on the merits. Respondent therefore asserts that this Court is limited to the record before the state court and may not consider additional evidence adduced during these habeas proceedings under *Cullen v. Pinholster*, 563 U.S. 170 (2011). In addition, Respondent notes that it filed the state

trial transcripts thirty days early and states that "[t]o the extent that Thompson wishes to speed the process further, he would do well to file his [opening brief] in fewer than the 45 days allotted by the court's order." (*Id.* at p. 2-3.)

## II. Analysis

For the following reasons, the Court finds that Thompson is not entitled to an evidentiary hearing. The record reflects that the state appellate court adjudicated Thompson's manifest weight of the evidence claim on the merits. (Doc. No. 9-1, Exh. 6.) Under the reasoning set forth in *Nash v. Eberlin*, 258 Fed. Appx. 761, 764-765 (6th Cir. 2007), Thompson's sufficiency of the evidence claim "was adequately passed upon by the Ohio courts because the determination by the Ohio Court of Appeals that the conviction was supported by the manifest weight of the evidence necessarily implies a finding that there was sufficient evidence." Therefore, in conducting its review of Thompson's sufficiency of the evidence claim in these federal habeas proceedings, this Court will consider whether the state appellate court's adjudication was contrary to or an unreasonable application of clearly established federal under 28 U.S.C. § 2254(d)(1).

The United States Supreme Court has made clear that, in conducting this review, the Court is limited to the record that was before the state court at the time it issued its decision. In *Cullen v. Pinholster*, 563 U.S. 170 (2011), the Supreme Court has expressly held as follows:

> We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. **This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time i.e., the record before the state court.**

5

*Cullen v. Pinholster*, 563 U.S. 170, 182 (2011) (emphasis added). *See also Ballinger v. Prelesnik*, 709 F.3d 558, 561 (6th Cir. 2013) (citing *Pinholster* and finding that "district courts are precluded from conducting evidentiary hearings to supplement existing state court records when a state court has issued a decision on the merits with respect to the claim at issue.") Accordingly, Thompson's request for an evidentiary hearing is denied.[2]

The Court is sympathetic to Thompson's concerns regarding the length of time it has taken to adjudicate his Petition. However, the Magistrate Judge promptly ordered supplementation of the record and set a briefing schedule and, as Respondent correctly notes, the State has already supplemented the record. The Court has every confidence that the Magistrate Judge will issue a Report & Recommendation as expeditiously as possible once briefing is complete.

### III. Conclusion

Accordingly, for all the foregoing reasons, Thompson's Motion for Reconsideration (Doc. No. 17) is DENIED.

**IT IS SO ORDERED.**

Date: November 13, 2020

 *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE

---

[2] Thompson also objects to this Court's rejection of his arguments that the state trial court inappropriately used an antique firearm to enhance his sentence, and that his trial and appellate counsel were ineffective for failing to raise this argument during the state court proceedings below. (Doc. No. 17 at p. 3.) In its September 30, 2020 Memorandum Opinion & Order, the Court found that Thompson had failed to present any of these claims in his Petition and that, even if he had, they would be subject to dismissal as procedurally defaulted. (Doc. No. 16 at p. 11, fn 2.) Thompson's request to reconsider these findings is denied. Thompson did not raise any claims in his Petition regarding the use of the antique firearm to enhance his sentence. Thus, the Court will not consider them in these habeas proceedings.